NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE E. WOZNICK,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7066

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-3013, Judge William A. Moorman.

---

Before LOURIE, SCHALL and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

Lawrence E. Woznick has appealed from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court), denying a petition for a writ of mandamus. That petition requested the Veterans Court to direct the Secretary of Veterans Affairs to issue a Supplemental Statement of the Case (SSOC) and expedite the adjudication of his pending claims seeking additional

disability benefits. Upon review of the parties' briefs, this court considers whether the judgment of the Veterans Court should be summarily affirmed.

In its order denying the petition for a writ of mandamus, the Veterans Court noted that Woznick had been granted service connection for prostatitis, including special monthly compensation, that an SSOC had been issued in his case, and that the Board of Veterans' Appeals had contacted Woznick to indicate that his claims file had been received and that his appeal was docketed. Although the claims seeking additional disability benefits have not been finally disposed of by the Board, the Veterans Court noted that the case had been actively developed. The court added that any delay in adjudication did not amount to an arbitrary refusal to act, and all outstanding issues would be adjudicated in a timely fashion. The court therefore held that Woznick had not met his burden of demonstrating the right to mandamus relief, and therefore denied the petition.

This court reviews the Veterans Court's denial of a claimant's petition for a writ of mandamus for an abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). The standard for obtaining mandamus relief before the Veterans Court is an exacting one, requiring the petitioner to establish that he or she had no other adequate alternative means to attain the desired relief, and a clear and undisputable right to the writ. *Id.* at 1383.

The Veterans Court clearly did not abuse its discretion in determining that Woznick failed to satisfy the exacting standard for mandamus relief. The claims here have been actively developed in light of Woznick's assertions that higher disability ratings were warranted and the agency's own efforts in adjudicating the claims to their optimum. Under those circumstances, the delay in obtaining a final decision is attributable to making sure

that proper procedure has been followed. The court therefore discerns no abuse of discretion in the Veterans Court's decision.

Woznick argues that the delay in processing his claims amounts to a violation of his due process rights, but this argument is without merit. Due process ensures a party a meaningful right to be heard with respect to the denial of important government benefits, including veterans' disability benefits. *See Cushman v. Shinseki*, 576 F.3d 1290, 1298-1300 (Fed. Cir. 2009). There is no indication here that Woznick has been deprived of a meaningful right to be heard regarding his claims, and it appears that in due course all outstanding issues will be adjudicated.

Accordingly,

IT IS ORDERED THAT:

(1) The judgment of the Veterans Court is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

_____AUG 0 8 2012_____
        Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Lawrence E. Woznick
      Vincent D. Phillips, Esq.

s23

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 8 2012

JAN HORBALY
CLERK