NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDIE JOHNSON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7040

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1722, Judge Lawrence B. Hagel.

---

Decided: December 11, 2013

---

EDDIE JOHNSON, Warner Robins, Georgia, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTINA L.

GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM

Eddie Johnson appeals the Court of Appeals for Veterans Claims' ("Veterans Court") denial of his petition for a writ of mandamus in *Johnson v. Shinseki*, No. 12-1722 (Vet. App. Nov. 16, 2012). Because the Veterans Court did not abuse its discretion in denying Mr. Johnson's petition, this court affirms.

BACKGROUND

In May 2012, Mr. Johnson filed a petition for a writ of mandamus with the Veterans Court. The petition alleged that the Department of Veterans Affairs ("VA") regional office failed to act on a Notice of Disagreement ("NOD") that Mr. Johnson had filed nearly two years earlier. Mr. Johnson's contention stemmed from an August 28, 2008, decision from the Cleveland, Ohio, regional office, denying Mr. Johnson's claim for benefits ("the 2008 denial of benefits"). Mr. Johnson challenged the denial by filing a NOD ("the first NOD"), which he alleged was postmarked on August 27, 2009, less than one year after the regional office's denial. *See* 38 U.S.C. § 7105(b) (2006) ("A notice of disagreement postmarked before the expiration of the one-year period will be accepted as timely filed."). The Cleveland regional office transferred the first NOD to the Atlanta, Georgia, regional office, which found that the first NOD was untimely filed and therefore dismissed Mr. Johnson's claim.

Less than one year later, on July 15, 2010, Mr. Johnson submitted a second NOD, challenging the finding that his first NOD was untimely ("the second NOD"). By the

time Mr. Johnson filed his May 2012 petition for a writ of mandamus in the Veterans Court, nearly two years had passed since he filed the second NOD.

Among other relief sought from the Veterans Court, Mr. Johnson requested an order requiring that the regional office: (1) accept his first NOD as timely filed; or, in the alternative, issue a Statement of the Case in response to the second NOD; (2) provide Mr. Johnson with a copy of his records; (3) toll the one-year deadline to file a NOD disagreeing with the 2008 denial of benefits; and (4) appoint a decision review officer from the VA central office.[1]

The Veterans Court ordered a response to the petition. On August 2, 2012, the Secretary responded that the Atlanta regional office, on July 11, 2012, sent Mr. Johnson a letter acknowledging receipt of the second NOD, and advising Mr. Johnson that he could elect to have his appeal heard by a decision review officer if he responded to the letter within sixty days. The Secretary further reported that the regional office sent Mr. Johnson a copy of his records on July 12, 2012.

On August 20, 2012, the Veterans Court issued an order denying items three and four of Mr. Johnson's requested relief. It found that the regional office had given Mr. Johnson the opportunity to have his appeal

---

[1] Mr. Johnson's petition for a writ of mandamus also sought relief from the Veterans Court's July 1994 decision affirming the denial of disability benefits for hearing loss and the denial of an increased disability rating for tinnitus. The Veterans Court assigned a separate docket number to this item, to be "addressed in a separate order." Respondent's App. ("App.") 7. Mr. Johnson does not challenge these separate proceedings in the instant appeal.

heard by a decision review officer, so Mr. Johnson's request for such an appointment was not deserving of extraordinary relief. Resp't's App. ("App.") 2 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (stating that a writ of mandamus is not appropriate unless "the party seeking issuance of the writ . . . [has] no other adequate means to attain the relief he desires") (internal quotation marks and citation omitted)). Because the Veterans Court found the regional office had provided Mr. Johnson with his requested records, it denied that portion of the petition as well. The Veterans Court "held in abeyance" the remaining requests for relief. App. 3.

The Veterans Court denied the remaining requests for relief on October 22, 2012. The court found that on August 31, 2012, Mr. Johnson accepted the appointment of a decision review officer to review the second NOD. The court held that matters related to the second NOD were therefore not ripe because the regional office had not completed its decision-making process.

Mr. Johnson filed this timely appeal.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(A)–(B). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

"A writ of mandamus is an extraordinary remedy." *Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011) (internal quotation marks and citation omitted). A writ is not a substitute for the regular appeal process, and shall not be issued unless the petitioner has no adequate alternative means to attain the desired relief; has established a clear and indisputable right to the writ; and the court, in its discretion, considers the writ appropriate under the circumstances. *Cheney*, 542 U.S. at 380–81. The grant or denial of a petition for mandamus is reviewed for abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). A "court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

On appeal, Mr. Johnson argues that the nearly two-year delay in responding to his second NOD violated his right to procedural due process. Appellant's Br. 2; *id.* at 3 ("[T]he Secretary's failure to act constitutes a denial of procedural due process."). Mr. Johnson appears to argue that this alleged constitutional violation requires that "the petition for a writ of mandamus[ ] should issue." Appellant's Br. 7.

The Due Process Clause of the Fifth Amendment provides that no individual will be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Due process includes notice and a fair opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). A veteran's "entitlement to benefits is a property interest protected by the Due Process Clause." *Cushman*, 576 F.3d at 1298. Mr. Johnson may not be deprived of this interest absent notice and a fair opportunity to be heard. Despite the almost two-year delay in responding to Mr. Johnson's second NOD, the regional office has now assigned a decision review officer to review Mr. Johnson's case. Although disturbing, the two-year delay by itself does not amount to a violation of

Mr. Johnson's right to due process. *Cf. N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001). In light of the appointment of a decision review officer to Mr. Johnson's case, the Veterans Court did not err in holding that Mr. Johnson had an alternative means to attain his requested relief. A writ of mandamus is therefore not warranted. *See Cheney*, 542 U.S. at 380–81.

Mr. Johnson further argues that the Atlanta regional office "cannot punish [him] for sending evidence to [the Cleveland regional office]" instead of directly to Atlanta, and that it was therefore improper for the Atlanta regional office to find that the first NOD was untimely filed. Appellant's Br. 4 (citing *Jaquay v. Principi*, 304 F.3d 1276, 1282–88 (Fed. Cir. 2002); 38 U.S.C. § 7105(b)(1)). Mr. Johnson provides documentation "generated within the U.S. Postal Service" that he timely filed his first NOD. *Id.* at 1. Mr. Johnson appends: (1) a U.S. Postal Service Delivery Confirmation Receipt dated August 27, 2009; and (2) U.S. Postal Service Track & Confirm notice that an item was delivered on September 1, 2009 in Cleveland, Ohio. These contentions address the merits of the second NOD, which is currently under review by the decision review officer. In the event of an adverse decision, Mr. Johnson may appeal to the Board of Veterans Appeals, then to the Veterans Court, and, if necessary, to this court. *See* 38 U.S.C. §§ 7104, 7252, 7292; 38 C.F.R. §§ 3.2600(f), 19.34 (2013). A petition for a writ of mandamus is not a substitute for the appeal process, *Cheney*, 542 U.S. at 380–81, so this argument likewise does not justify issuance of the writ.

Because Mr. Johnson has an adequate alternative means to attain his desired relief, the Veterans Court did

not abuse its discretion in denying his petition for a writ of mandamus.[2]  That decision is affirmed.

**AFFIRMED**

No costs.

---

[2]    Also before the panel is Mr. Johnson's Motion for Judicial Notice and Leave to File a Supplemental Brief. Mr. Johnson seeks judicial notice that his request for his VA records was a Freedom of Information Act ("FOIA") claim over which the Veterans Court lacked jurisdiction. He contends the Veterans Court should have transferred the case to the appropriate United States District Court. The attached supplemental brief argues the same.  The motion is denied as moot, because Mr. Johnson has already been provided with the requested records.