NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS W. KELLY,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2014-7048

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1342, Judge Coral Wong Pietsch.

---

Decided: February 9, 2015

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

ALLISON KIDD-MILLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN; TRACEY PARKER WARREN, DAVID J. BARRANS, Office of

General Counsel, United States Department of Veteran's Affairs, Washington, DC.

————————————

Before TARANTO, MAYER, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

Thomas W. Kelly appeals a final judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision by the Board of Veterans' Appeals ("board") not to reconsider his claim for an earlier effective date for the award of benefits for total disability based on individual unemployability ("TDIU"). *See Kelly v. Shinseki*, No. 12-1342, 2013 WL 5928065 (Vet. App. Nov. 6, 2013). We dismiss for lack of jurisdiction.

Our jurisdiction to review decisions of the Veterans Court is circumscribed by statute. We have authority to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a); *see Flores v. Nicholson*, 476 F.3d 1379, 1381 (Fed. Cir. 2007). Unless an appeal presents a constitutional issue, however, we are precluded from reviewing a challenge to a factual determination or a challenge to a law or regulation as it is applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

Kelly argues that the Veterans Court misinterpreted governing law when it concluded that he was not prejudiced by the board's failure to reconsider whether he was entitled to an earlier effective date for the award of TDIU benefits based upon his Briquet's syndrome. Contrary to Kelly's assertions, however, neither the Veterans Court

nor the board interpreted 38 U.S.C. § 7261(b)(2) or 38 C.F.R. § 416(a) in denying his claim. *See Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012) (dismissing an appeal for lack of jurisdiction where the decision of the Veterans Court was "silent as to the adoption of a particular interpretation of [38 C.F.R. § 416(a)]"). Instead, the Veterans Court evaluated the evidence and concluded that Kelly suffered no prejudice as a result of the board's failure to reconsider whether he was entitled to an earlier effective date for the award of TDIU benefits. This harmless error ruling is a factual determination that we are without authority to review. *Pitts v. Shinseki*, 700 F.3d 1279, 1286 (Fed. Cir. 2012); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007); *see also Bastien v. Shinseki*, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact-finder. We lack jurisdiction to review these determinations.").

**DISMISSED**