NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDIE JOHNSON,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7088

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1722, Judge Lawrence B. Hagel.

---

Decided: January 11, 2016

---

EDDIE JOHNSON, Warner Robins, GA, pro se.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

-------------------

Before MOORE, O'MALLEY, and WALLACH, *Circuit*

*Judges.*

PER CURIAM.

Appellant Eddie Johnson seeks review of the April 1, 2015 decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying various motions made by Johnson after the issuance of the Veterans Court's mandate. For the reasons below, we *dismiss* Johnson's appeal for lack of jurisdiction.

## BACKGROUND

This Court previously set forth the background of the present controversy in our decision in *Johnson v. Shinseki*, 549 Fed. App'x. 994 (Fed. Cir. 2013) (unpublished). Subsequent to that decision, the Veterans Court issued its mandate on April 2, 2014. Joint Appendix ("JA") 61.

On March 23, 2015, Johnson filed a motion to recall the Veterans Court's mandate, a motion for reconsideration, a discovery motion, and a motion to recuse presiding Judge Hagel. Johnson alleged that his motion to recall the mandate was filed pursuant to the Fifth Amendment of the United States Constitution, Federal Rule of Civil Procedure 60(b), and "the discretionary and equitable powers of the Court." JA 4.

On April 1, 2015, the Veterans Court denied Mr. Johnson's motion to recall the mandate and to recuse Judge Hagel, and dismissed the remaining motions as moot. JA 1-3. In its decision, the Veterans Court held that it could not recall the mandate "because that decision has been subsumed by the Federal Circuit's December 2013 decision." JA 1-2. And because the Veterans Court could not recall the mandate, the Veterans Court dis-

missed as moot Johnson's motions for reconsideration and for discovery. The Veterans Court further denied Johnson's motion to recuse, finding that "no objective observer would reasonably question [Judge Hagel's] impartiality" or believe that Judge Hagel harbored "any personal bias or prejudice" regarding Johnson. JA 2 (discussing 28 U.S.C. § 455).

Johnson appeals.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (quoting 38 U.S.C. § 7292(c)). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

Here, Johnson requests that we reverse the Veterans Court's decision because it was made in violation of Federal Rule of Civil Procedure 60(b) and Johnson's Due Process and Equal Protection rights. Appellant Br. at 1. The Department of Veterans Affairs ("VA") responds that we lack jurisdiction over Johnson's claim and that, even if we had jurisdiction, the Veterans Court did not commit legal error or abuse its discretion in denying or dismissing Johnson's motions. Respondent Br. at 11.

We agree with the VA that we lack jurisdiction over Johnson's appeal. Though Johnson asks us to review the Veterans Court's decision in light of Rule 60(b), we note that the Veterans Court did not interpret that Rule or discuss its meaning in adjudicating Johnson's appeal. *See*

JA 1-3. Instead, Johnson asks us to determine whether the Veterans Court properly applied Rule 60(b) to the facts of Johnson's claim. Johnson's dispute over the correctness of the Veterans Court's judgment therefore does not raise a challenge regarding "the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). Accordingly, we do not have jurisdiction over Johnson's appeal. *See Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012).

Johnson further argues that the Veterans Court's denial of his motions constituted a "fraud on the court" and that the decision violated Johnson's Due Process rights under the Fifth Amendment of the United States Constitution. Appellant Br. at 1. Johnson makes no attempt to explain, nor is it apparent to us, how the Veterans Court's decision violated his Fifth Amendment rights. Indeed, in his Informal Brief, Johnson answered "no" to the question of whether the Veterans Court "decide[d] constitutional issues" in its adjudication of Johnson's claim. *Id.* In determining whether we have jurisdiction over a case or controversy, "the mere recitation of a basis for jurisdiction by either party or a court, is not controlling; we must look to the true nature of the action." *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992). In addition, the mere "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Accordingly, we find that Johnson's bald assertion here that his Fifth Amendment rights were violated does not confer jurisdiction on this Court.

CONCLUSION

For the above reasons, we find that Johnson's appeal does not challenge the validity of any statute, raise any issue of statutory interpretation, or present any constitutional issues such that we could exercise jurisdiction in this case. *See* 38 U.S.C. § 7292. Johnson's appeal arises

from a judgment in which the Veterans Court merely applied the law "to the facts of a particular case," which is a matter over which we lack jurisdiction. *Wanless*, 618 F.3d at 1336. We therefore must dismiss Johnson's appeal.

**DISMISSED**