NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH L. BUHOLTZ,**

*Claimant-Appellant*

**v.**

**ROBERT D. SNYDER, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-2485

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-853, Judge Robert N. Davis.

---

Decided: February 13, 2017

---

KENNETH L. BUHOLTZ, Petersburg, VA, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Kenneth Buholtz filed various claims with the Department of Veterans Affairs, including multiple claims for benefits for service-connected disabilities and a claim for apportionment of his benefits to his dependent son. He eventually filed a petition for a writ of mandamus with the Court of Appeals for Veterans Claims (Veterans Court), arguing that the processing of his claims had been delayed for an unreasonable amount of time and that the Department had made multiple errors in the determinations it had already reached. The Veterans Court denied the petition. We affirm, because Mr. Buholtz did not meet essential requirements for the extraordinary relief of mandamus.

I

In March 2016, Mr. Buholtz filed a document with the Veterans Court, which that court construed as a petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651. According to Mr. Buholtz, the Board of Veterans' Appeals unreasonably delayed processing his claims and reached incorrect results on the claims it had already processed. The claims at issue are claims for benefits based on various allegedly compensable conditions, including post-traumatic stress disorder (PTSD), and a claim to apportion some benefits to Mr. Buholtz's minor son. Mr. Buholtz later filed an amended mandamus petition that contained, in addition to his original arguments, a request for "back apportionment reimbursement." Appellant's App. 138.

On June 2, 2016, the Secretary of Veterans Affairs responded by explaining that the relevant regional office of the Department had issued a November 2014 rating decision adjudicating seventeen disability claims filed by

Mr. Buholtz in November 2013. Appellant's App. 32. The Secretary further explained that Mr. Buholtz's claim based on PTSD was pending on appeal to the Board and that the "appeals team" would handle his claim for a total disability rating based on individual unemployability, which was tied to his PTSD claim. *Id.* at 33, 116. The Secretary also noted that the regional office was processing the apportionment claim and had requested additional information from Mr. Buholtz's former spouse as recently as May 27, 2016. *Id.* at 33. Lastly, the Secretary informed the Veterans Court that the regional office had written a draft decision regarding the additional claims related to Mr. Buholtz's right knee, right wrist, and gastroesophageal reflux disease—a decision that was released on June 6, 2016. *See* Appellee's App. 4–5. The regional office's June 6 decision explained that Mr. Buholtz could file a notice of disagreement to initiate an appeal. *Id.* at 6. Mr. Buholtz filed such a notice on September 10, 2016. *Id.* at 16.

The Veterans Court denied the mandamus petition, explaining that Mr. Buholtz "ha[d] not evidenced a clear and indisputable right to the writ." *Buholtz v. McDonald*, No. 16-0853, 2016 WL 3467420, at *2 (Vet. App. June 24, 2016). The Veterans Court reasoned that the Secretary's response demonstrated that the regional office "ha[d] adjudicated [Mr. Buholtz's] various claims for disability benefits, and that [the Department was] processing his apportionment claim, PTSD appeal, and claim for" a total disability rating based on individual unemployability. *Id.* Accordingly, the Veterans Court held, Mr. Buholtz had "not demonstrated that the Secretary has refused to act on his claim." *Id.* (citing *Constanza v. West*, 12 Vet. App. 133, 134 (1999) (explaining that a petitioner seeking a writ of mandamus based on delay must demonstrate an extraordinary delay equivalent "to an arbitrary refusal to act")). Mr. Buholtz appeals.

## II

Our review of appeals from the Veterans Court is limited. We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We may review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" to the extent, but only to the extent, that the veteran "presents a constitutional issue." *Id.* § 7292(d)(2); *see Edwards v. Shinseki*, 582 F.3d 1351, 1354 (Fed. Cir. 2009); *In re Bailey*, 182 F.3d 860, 868–70 (Fed. Cir. 1999). Under those provisions, we may review the Veterans Court's denial of a writ of mandamus for legal error and, as to constitutional issues, both factual determinations and the application of the mandamus standards to the facts. *See, e.g., Beasley v. Shinseki*, 709 F.3d 1154, 1157–58 (Fed. Cir. 2013); *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002).

Mr. Buholtz argues that the Veterans Court erred in failing to compel the Department to comply with 38 C.F.R. § 3.451, which concerns the apportionment of benefits between a veteran and his dependents, and 38 C.F.R. § 3.665(e), which allows "[a]ll or part of the compensation not paid to an incarcerated veteran" to be apportioned "to the veteran's spouse, child or children and dependent parents on the basis of individual need." Appellant's Br. 1, 3–7. He also argues that the Department's 2014 disability assessment contained an inappropriate "combined" rating in violation of the Department's regulations. Appellant's Br. 1, 14–16. And he argues that the Department failed to expedite his PTSD claim, in violation of 10 U.S.C. § 1553 and his due process rights. Appellant's Br. 1, 8–10. The Secretary here states that Mr. Buholtz did not raise many of those contentions to the

Veterans Court. But he did raise at least his due process contention and, more generally, complained about delay in the Department's processing of his claims.

The Veterans Court did not decide whether the Department correctly applied its regulations and the relevant statutes or violated Mr. Buholtz's due process rights. Rather, it concluded that his petition did not meet the demanding standards for mandamus relief. The Veterans Court invoked the correct legal standards. *Buholtz*, 2016 WL 3467420, at \*2. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). "To obtain that remedy, the petitioner must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief; and (3) that the grant of mandamus relief is appropriate under the circumstances." *Beasley*, 709 F.3d at 1158. Those requirements apply to mandamus sought from the Veterans Court. *See id.*; *Youngman v. Peake*, 22 Vet. App. 152, 154 (2008).

We see no reversible error in the Veterans Court's application of this legal standard in denying mandamus relief in this case: Mr. Buholtz has not shown either the inadequacy of alternative legal channels for obtaining relief or a clear legal right to relief. As the Veterans Court explained, the Secretary's unrefuted evidence shows that, at the time of denial of mandamus, all of Mr. Buholtz's claims had either been processed or were actively being processed. *Buholtz*, 2016 WL 3467420, at \*2. Mr. Buholtz has provided no evidence that he is unable to directly appeal these determinations or that his challenges, including any constitutional challenges to the Department's processes, cannot or will not be considered on direct appeal. Mandamus does not substitute for adequate appeal processes. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953). As to the amount of

time the Department process is taking, we need only say that no precedent cited to us, or of which we are aware, establishes that the delays at issue here clearly violate Mr. Buholtz's due process rights, as would be required for him to be entitled to relief under the applicable mandamus standards. *See, e.g.*, *Johnson v. Shinseki*, 549 F. App'x 994, 997 (Fed. Cir. 2013) (rejecting delay-based due process contention); *Woznick v. Shinseki*, 492 F. App'x 100, 102 (Fed. Cir. 2012) (similar).

Lastly, Mr. Buholtz may be understood to argue a statutory point—that 10 U.S.C. § 1553 gives a clear legal right to expedited treatment of a PTSD-based claim for veterans' benefits. That contention is incorrect. The statute addresses only the review of a "discharge or dismissal" of "any former member of the armed forces." 10 U.S.C. § 1553(a), (d). Mr. Buholtz's claim is not seeking any such review.

## III

For the foregoing reasons, the Veterans Court's decision is affirmed.

No costs.

**AFFIRMED**