NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**GREGORY MATWIJISZYN, STEPHEN MATWIJISZYN, SUBSTITUTED FOR STEFAN MATWIJISZYN,**

*Claimants-Appellants*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2020-1071

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1963, Judge Amanda L. Meredith.

---

Decided: November 6, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimants-appellants.

SEAN LYNDEN KING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD

KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Stefan Matwijiszyn appeals from the final decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' denial of Mr. Matwijiszyn's entitlement to service connection for a nervous condition. We dismiss for lack of jurisdiction.

BACKGROUND

Mr. Matwijiszyn served on active duty in the United States Army from November 1956 to April 1958. He underwent two preservice medical examinations, both of which reported "abnormal" psychiatric findings. J.A. 19, 130. A May 1953 examination summarized "defects and diagnoses" as "[a]nxiety [t]racts." J.A. 131. A November 1956 examination summarized "defects and diagnoses" as "[m]ild neurotic tendencies." J.A. 20. Mr. Matwijiszyn was nonetheless deemed fit for military service.

On several occasions during service, Mr. Matwijiszyn sought mental health treatment. He complained of insomnia in December 1956 and was provisionally diagnosed with "anxiety neurosis." J.A. 21. A subsequent medical examination reported "[n]o neuropsychiatric disease." J.A. 2. Mr. Matwijiszyn's complaints of insomnia persisted, and in July 1957, he was diagnosed with "neurotic reaction" and prescribed Thorazine. J.A. 24–25. In September 1957, he was diagnosed with "emotional immaturity with habit formation." J.A. 33.

In 1965, Mr. Matwijiszyn filed a formal claim with the Veterans Administration (VA) seeking compensation for a service-connected "nervous condition." J.A. 28. After

reviewing Mr. Matwijiszyn's preservice and service medical records, and his post-service medical records reflecting diagnoses for depressive-psychotic reaction and depression-tension, the VA regional office (RO) denied Mr. Matwijiszyn's claim in July 1966. The RO reasoned that the "[r]ecords show that the veteran's disability, whatever its nature or diagnosis, preexisted service," and that "[t]he incidents in service represented the natural progress of the disability and do[] not constitute aggravation." J.A. 34.

In December 2005, Mr. Matwijiszyn requested that the VA reopen his claim. Considering both the record at the time of the 1966 decision and new evidence (including a 2007 VA examination of Mr. Matwijiszyn and a 2007 statement from a doctor who had treated him), the RO granted Mr. Matwijiszyn service connection for paranoid schizophrenia effective December 5, 2005. J.A. 49–50.

Several years later, in October 2012, Mr. Matwijiszyn filed a request to revise the 1966 rating decision on the grounds of clear and unmistakable error (CUE). He alleged that in 1966, the RO failed to correctly apply 38 U.S.C. § 1111[1] and 38 C.F.R. § 3.303(b). Specifically, Mr. Matwijiszyn asserted that, contrary to the RO's conclusion, he "was entitled to the 38 U.S.C. § 1111 presumption of soundness because his entrance examination did not note a psychiatric diagnosis," and the record did not contain clear and unmistakable evidence that both his psychosis preexisted service and was not aggravated by service. J.A. 62–63. With respect to 38 C.F.R. § 3.303(b), Mr. Matwijiszyn argued that he was entitled to service connection because no

---

[1]    At the time of the 1966 rating decision, current § 1111 was designated as § 311. In 1991, Congress redesignated sections of chapters 11 through 42 of title 38 of the U.S. Code. *See* Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 5(a), 105 Stat. 378, 406 (1991). We refer to the current version of the statute.

etiological link is required between the condition noted in service and the subsequently diagnosed disability, and he "suffered from psychiatric symptomatology in service and this symptomatology continued post-service and resulted in a diagnosis of psychotic depression." J.A. 61. The VA denied Mr. Matwijiszyn's request to revise the 1966 rating decision. Mr. Matwijiszyn appealed to the Board of Veterans' Appeals (Board).

On appeal, the Board declined to revise the 1966 rating decision on the basis of CUE, concluding that the "1966 rating decision was based on the correct facts and law as they were known and existed at that time." J.A. 98. The Board found Mr. Matwijiszyn's "reliance on the fact that no diagnosis of a psychiatric disorder . . . was made at the time of his entry into service" to be "misplaced," because "[t]he law does not require a diagnosis be made at the time of entry, only that 'defects, infirmities or disorders' be 'noted.'" J.A. 102. Finding that Mr. Matwijiszyn's pre-service examinations "clearly demonstrate[] that [he] was noted to have a psychiatric defect or irregularity," the Board agreed with the RO that the presumption of soundness did not apply. J.A. 103. The Board further concluded that there was no CUE in the RO's failure to apply the chronicity and continuity of symptomatology provisions of 38 C.F.R. § 3.303(b), because "[o]nce a finding is made that a disability preexisted service, service connection is no longer considered on a direct basis" under § 3.303, "but on the basis of aggravation" under § 3.306. J.A. 103–04. Because the "RO's decision determined that there was no aggravation beyond the natural progression of the Veteran's psychiatric disability in service . . . based upon a weighing of evidence and reasonable minds could differ as to the outcome," the Board determined that there was no CUE in the RO's decision. J.A. 104. Mr. Matwijiszyn appealed to the Court of Appeals for Veterans Claims (Veterans Court).

The Veterans Court affirmed. It determined that it "need not address the merits" of Mr. Matwijiszyn's

argument under § 1111[2] that the presumption of soundness should have been applied, because even assuming that the Board erred as a matter of law, Mr. Matwijiszyn "fail[ed] to demonstrate that any error is prejudicial to the outcome of his motion to revise the 1966 rating decision" as required to demonstrate CUE. *Matwijiszyn v. Wilkie*, No. 16-1963, 2019 WL 3241655, at *5 (Vet. App. July 18, 2019). Because Mr. Matwijiszyn did "not identify any specific evidence in 1966 that shows that a psychosis manifested in service," the Veterans Court determined that he failed to demonstrate that the Board "would have found that application of § 3.303(b) would have resulted in a manifestly changed outcome." *Id.* at *6. Considering the facts, including the military's classification of the conditions in Mr. Matwijiszyn's service medical records as "psychoneurotic disorders or character and behavior disorders" and the multiple uses for Thorazine, the Veterans Court found that "it is not absolutely clear that application of § 3.303(b) would have resulted in an award of service connection" for psychosis. *Id.* at *6–7. Accordingly, the Veterans Court decided that "any error by the Board in its analysis of the presumption of soundness is harmless." *Id.* at *7. Mr. Matwijiszyn timely appealed to this court.[3]

---

[2]   The Veterans Court noted that the Board incorrectly identified the applicable presumption of sound condition as § 1132 (formerly § 332, applicable during peacetime) rather than § 1111 (formerly § 311, applicable during wartime), but found the misidentification immaterial, as the pertinent language of both statutes was essentially identical.

[3] On October 30, 2020, counsel for appellant filed a notice indicating that Mr. Matwijiszyn had died and that Mr. Matwijiszyn's sons sought to be substituted for Mr. Matwijiszyn as claimants before the VA and in this appeal. Notice of Death at 1–2, *Matwijiszyn v. Wilkie*,

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Githens v. Shinseki*, 676 F.3d 1368, 1371 (Fed. Cir. 2012). We have jurisdiction to "decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. *Id.* § 7292(d)(2).

"CUE provides a means for collateral attack on a final decision of an RO." *Cook v. Principi*, 318 F.3d 1334, 1342 (Fed. Cir. 2002) (en banc). To constitute CUE, an alleged error must first "have been outcome determinative," and second, "must have been based upon the evidence of record at the time of the original decision." *Id.* at 1344 (first citing *Bustos v. West*, 179 F.3d 1378, 1381 (Fed. Cir. 1999); and then citing *Pierce v. Principi*, 240 F.3d 1348, 1354 (Fed. Cir. 2001)). CUE "must be the sort of error which, had it not been made, would have manifestly changed the outcome at the time it was made." *Id.* at 1343 (quoting *Russel v. Principi*, 3 Vet. App. 310, 314 (1992) (en banc)).

_____

No. 20-1071 (Fed. Cir. Oct. 30, 2020), ECF No. 29. We treat this notice as a motion to substitute the deceased's sons, Gregory and Stephen Matwijiszyn, as appellants, and hereby grant the motion. This is permissible as the one-year period to file a formal claim with the Department of Veterans Affairs has not yet run, and substitution is separate from considerations of standing and does not itself establish entitlement. *See Merritt v. Wilkie*, 965 F.3d 1357, 1360–62 (Fed. Cir. 2020).

On appeal, Mr. Matwijiszyn argues that the Veterans Court relied on the same misinterpretations of 38 U.S.C. § 1111 and 38 C.F.R. § 3.303(b) as the Board. Appellant's Br. 3. Mr. Matwijiszyn also argues that the Veterans Court failed to address his arguments that "the Board had incorrectly determined that the presumption of soundness . . . did not apply." *Id.* at 8. We disagree.

The Veterans Court expressly acknowledged Mr. Matwijiszyn's arguments that the Board misinterpreted these provisions but determined that it need not resolve those arguments to decide Mr. Matwijiszyn's case. Instead, the Veterans Court decided that Mr. Matwijiszyn failed to demonstrate CUE because, even assuming that the Board made the legal errors he alleged, Mr. Matwijiszyn "fail[ed] to demonstrate that any error is prejudicial to the outcome of his motion to revise the 1966 rating decision." *Matwijiszyn*, 2019 WL 3241655, at *5; *see also id.* at *6 (concluding that Mr. Matwijiszyn "has not demonstrated that the Board in 2015 would have found that application of § 3.303(b) would have resulted in a manifestly changed outcome"). The Veterans Court's conclusion that any legal error by the Board is "harmless," *id.* at *7, is a factual determination that we lack jurisdiction to review. *Pitts v. Shinseki*, 700 F.3d 1279, 1286 (Fed. Cir. 2012) (concluding that argument that error was not harmless "challenges the [Veterans Court's] application of law to fact and therefore falls outside this court's jurisdiction" (citing 38 U.S.C. § 7292(d)(2))); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (stating that 38 U.S.C. § 7292(d)(2) "prevents us from reviewing Mr. Newhouse's contentions regarding actual prejudice"); *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) ("[T]he ultimate conclusion of the effect of the rule of prejudicial error on this case is beyond our jurisdiction.").

We are also unpersuaded by Mr. Matwijiszyn's argument, without further explanation, that the Veterans Court's prejudice analysis itself "relies upon a

misinterpretation of both § 1111 and § 3.303(b)." Reply Br. 5; *see also* Appellant's Br. 9. The misinterpretation Mr. Matwijiszyn appears to allege is the failure to apply the presumption of soundness. Appellant's Br. 3–4, 10. But the Veterans Court's prejudice analysis was expressly predicated on crediting Mr. Matwijiszyn's argument "that the presumption of soundness should have applied." *Matwijiszyn*, 2019 WL 3241655, at *5. And Mr. Matwijiszyn offers no basis to question that the Veterans Court did, in fact, apply the presumption in its analysis.

Similarly insufficient to invoke our jurisdiction is Mr. Matwijiszyn's argument that once the presumption of soundness is properly applied, "a manifestly different outcome in the form of an award of presumptive service connection was required as a matter of law." Appellant's Br. 4. This argument involves the application of law to fact and ultimately turns on Mr. Matwijiszyn's disagreement with how the Veterans Court weighed the evidence—an issue beyond our jurisdiction. *See* 38 U.S.C. § 7292(d)(2). Considering the facts, including the multiple uses for Thorazine and the military's categorization of Mr. Matwijiszyn's in-service conditions as psychoneurotic disorders or character and behavior disorders, rather than as psychotic disorders, the Veterans Court found that Mr. Matwijiszyn had failed to demonstrate that applying the presumption of soundness and § 3.303(b) would have changed the outcome. *Matwijiszyn*, 2019 WL 3241655, at *6–7. Reconsideration of this factual determination is beyond our jurisdiction.

## CONCLUSION

We have considered Mr. Matwijiszyn's remaining arguments and find them equally ineffective in invoking the jurisdiction of this court. Accordingly, we dismiss Mr. Matwijiszyn's appeal.

## DISMISSED

MATWIJISZYN v. WILKIE                                    9

COSTS

No costs.