**CHAPMAN LAW FIRM CO., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 04–1418C.**

United States Court of Federal Claims.

May 10, 2005.

**OPINION**

MEROW, Senior Judge.

The Opinion, in this matter, reported at 62 Fed.Cl. 464 (2004), declared Housing and Urban Development's ("HUD") decision to override a stay of contract performance to be invalid. This stay occurred, under 31 U.S.C. § 3553(d)(3)(A)(ii), upon Chapman Law Firm's ("Chapman") protest to the General Accountability Office ("GAO") concerning the award of a Management and Marketing ("M & M") contract by HUD to another contractor also submitting a proposal.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Chapman seeks recovery of the fees and other expenses it incurred in this proceeding.

■ Defendant opposes Chapman's EAJA Application, contending first that the submission does not provide sufficient information as to Chapman's size and net worth so as to demonstrate eligibility for a recovery. Defendant is correct in that Chapman's application as submitted was deficient in this regard. The information required by 28 U.S.C. § 2412(d)(2)(B) is not expressly detailed. However, a timely filed EAJA Application may be supplemented to provide needed details. *Scarborough v. Principi,* 541 U.S. 401, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); *Bazalo v. West,* 150 F.3d 1380 (Fed.Cir.1998). Here, by its Motion for Leave to Amend Its Application, filed with its Reply to Defendant's Opposition, Chapman provides the requisite information demonstrating its size and net worth to be within the limits enabling it to obtain an EAJA award.

■ Chapman prevailed in this litigation by obtaining a reinstatement of the stay of contract performance during the GAO protest period provided by 31 U.S.C. § 3553(d)(3)(A)(ii) upon the determination that HUD's override of this statutory stay, pursuant to 31 U.S.C. § 3553(d)(3)(C), was invalid. 62 Fed.Cl. at 469. Defendant asserts that, nevertheless, its position in this litigation was substantially justified so that EAJA relief is precluded pursuant to 28 U.S.C. § 2412(d)(1)(A) and (d)(2)(D). Defendant relies on its asserted lack of knowledge concerning the incumbent contractor's will-

James S. DelSordo, Halloran & Sage, LLP, Washington, D.C., for plaintiff. Justin M. Smith, of counsel.

John J. Todor, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Carolyn P. Fiume, of counsel.

ingness or ability to continue performance of the M & M contract requirements during the GAO protest period, including new requirements added for the procurement at issue. However, this information was available if requested and any failure to obtain it prior to overriding the statutory stay does not serve to render the government's position substantially justified. *See Altos Federal Group, Inc. v. United States,* 60 Fed.Cl. 832 (2004).

■ Defendant next asserts that the ruling in *PGBA, LLC v. United States,* 389 F.3d 1219 (Fed.Cir.2004) demonstrates that injunctive relief factors were required to be considered in this matter instead of proceeding to the entry of a declaratory judgment. An examination of *PGBA* does not support this result. *PGBA* does not read out of 28 U.S.C. § 1491(b)(2) the express authorization there provided for declaratory relief in bid protest actions. Declaratory relief has long been established as available in bid protest matters. *See Ulstein Maritime, Ltd. v. United States,* 833 F.2d 1052, 1055 (1st Cir. 1987) (Davis, J., then of the Federal Circuit, sitting by designation). Declaratory relief is particularly appropriate in bid protest actions contesting agency stay override determinations entered pursuant to 31 U.S.C. § 3553(d)(3)(C). If as, here, the agency override determination is, after application of the review standard prescribed by 28 U.S.C. § 1491(b)(4), determined to lack validity, declaratory relief so ruling serves to reinstate the statutory stay of contract performance, during the GAO protest period automatically provided under 31 U.S.C. § 3553(d)(3)(A). Congress did not require any evaluation of injunctive relief factors as a prerequisite to a stay of contract performance upon the filing of a protest with the GAO. Thus, it would be contrary to the legislative scheme to impose such an additional requirement, upon finding that an agency override determination lacks validity, in order to reinstate the statutory stay applicable during the GAO protest period. Declaratory relief preserves the scheme that Congress enacted.

It is recognized that there are circumstances where a party might seek to enjoin an agency from exercising its statutory override authority throughout the entire GAO protest period rather than simply contesting the validity of a specific override determination. *See Spherix, Inc. v. United States,* 62 Fed.Cl. 497 (2004). To enter such an injunction, this court must, of course, consider the relevant equitable factors. *Id. PGBA* sets forth the proposition that if injunctive relief is truly sought, the court does not "err in looking to the traditional equitable factors in determining whether to set aside award of the contract . . . ." 389 F.3d at 1228.

Thus, beyond the fact that the declaratory relief provided in this matter was not appealed, defendant has not shown any basis on which to establish that its position was substantially justified such that Chapman would not be entitled to an award of its incurred fees and expenses.

Chapman seeks an award of $28,219.54. This consists of $18,522.46 in fees for Chapman's counsel of record, James S. DelSordo (74 hours billed at $250.00 per hour) and $8,325.00 for Justin M. Smith, Chapman's house counsel ( 37 hours billed at $225.00 per hour). In addition, $1,362.08 for Mr. Smith's travel expenses is claimed.

■ The EAJA caps attorney fees at $125 per hour, but permits an increase based on " . . . the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved . . . ." 28 U.S.C. § 2412(d)(2)(A). Chapman supports its $250 and $225 hourly rates on both the cost of living and attorney availability factors. While an enhancement of the $125 hourly rate is considered justified for cost-of-living increases, a further increase based upon attorney availability is unsupported. The attorney work product in this litigation was excellent, but bid protest litigation does not require the distinctive knowledge or specialized skill required for further enhancement of the statutory EAJA rate. Legal competence in administrative law is generally sufficient for bid protest litigation and this does not qualify for rate enhancement. *Pierce v. Underwood,* 487 U.S. 552, 572, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Select Milk Producers, Inc. v. Johanns,* 400 F.3d 939 (D.C.Cir.2005); *Filtration Development Co., LLC v. United States,* 63 Fed.Cl. 612 (2005).

Defendant objects to any recovery of fees attributed to Chapman's house counsel, Justin M. Smith, citing cases denying fee awards to *pro se* plaintiffs. Mr. Smith is not a *pro se* plaintiff. Here, the record of Mr. Smith's services demonstrates that he participated in the conduct of this litigation so that Chapman "incurred" this expense. *Raney v. Federal Bureau of Prisons*, 222 F.3d 927, 934 (Fed.Cir.2000). Accordingly, Mr. Smith's listed hourly time counts toward Chapman's EAJA recovery. *See Washington Metro. Area Transit Authority v. United States*, 57 Fed.Cl. 148 (2003).

Defendant also objects to the $1,362.08 in travel expenses, claimed for Mr. Smith's travel. Neither in its initial application nor in its reply following defendant's objection does Chapman present an itemized statement of these travel expenses. The transcript of the hearing held in Washington, D.C., on September 23, 2004 at page 3, reports Mr. Smith was present and his billing records indicate a Cleveland, OH work location. Therefore, travel expense of some nature was probably incurred, but in the absence of some compliance with the requirements of 28 U.S.C. § 2412(d)(1)(B), itemizing the travel expense listed (air fare, automobile, etc.), recovery of this amount cannot be ordered.

Finally, defendant objects to hours billed by Mr. DelSordo after October 1, 2004. The entries subsequent to October 1, 2004, do not appear to be addressed to the instant litigation, so that defendant's objection is valid.

Accordingly, it is concluded that Chapman's EAJA recovery in this matter consists of 62.1 hours for Mr. DelSordo and 37 hours for Mr. Smith. The appropriate hourly rate is the statutory $125 enhanced by cost-of-living increases measured by the Department of Labor's Consumer Price Index using March 1996 as the baseline. *See California Marine Cleaning, Inc. v. United States*, 43 Fed.Cl. 724, 733–34 (1999). This results in an increase from $125 to $152.46. Applying this hourly rate results in a recovery of $9,467.76 for Mr. DelSordo's time, plus $5,641.02 for Mr. Smith's time or a total of $15,108.78.

Accordingly, it is **ORDERED** that, Chapman's motion to supplement its EAJA application shall be **GRANTED**, and on the basis of the Application as supplemented, judgment shall be **ENTERED** in favor of Chapman Law Firm Co. in the amount of $15,108.78.