# In the United States Court of Federal Claims

No. 26-150C

(Filed Under Seal: February 9, 2026)

(Reissued: March 10, 2026)*

**NOT FOR PUBLICATION**

**************************************

THREAT TEC, LLC,                    *
                                    *
        Plaintiff,                  *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
        Defendant,                  *
                                    *
        and                         *
                                    *
CHITRA PRODUCTIONS, LLC,            *
                                    *
        Defendant-Intervenor.       *
                                    *

**************************************

## OPINION AND ORDER

Plaintiff Threat Tec, LLC filed a Government Accountability Office ("GAO") protest regarding the Army's decision to award a single-source bridge contract to Chitra Productions, LLC ("Chitra"). Under the Competition in Contracting Act ("CICA"), the GAO protest automatically stays performance of the contract for up to 100 days. *See* 31 U.S.C. § 3553(d). The Army chose to override the CICA stay. *See* 31 U.S.C. § 3553(d)(3)(C). Plaintiff challenged the stay override decision in this Court, and has moved for a preliminary injunction. *See* Pl.'s Mot. (ECF 14). The government and Chitra, which intervened, have opposed the motion. *See* U.S. Opp. (ECF 28); Chitra Opp. (ECF 29). Plaintiff has filed a reply. *See* Reply (ECF 30). The government's opposition brief includes a motion to dismiss, which is **DENIED WITHOUT PREJUDICE** because the abbreviated briefing has not allowed enough

---

* Pursuant to the protective order in this case, the Court initially filed this opinion under seal on February 9, 2026, for the parties to propose redactions of confidential or proprietary information. The parties were directed to propose redactions by February 23, 2026. Defendant notified the Court on March 2 that it had no proposed redactions. On March 10, Plaintiff and Defendant-Intervenor notified the Court that they had no proposed redactions. The Court hereby releases publicly the opinion and order of February 9 in full.

time for its full consideration. But for the following reasons, Plaintiff's motion is **DENIED**. Earlier versions of the motion (ECF 6; ECF 9) are **DENIED AS MOOT**.

"In a bid protest case, this court will enjoin the government only where an agency's actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Banknote Corp. v. United States*, 56 Fed. Cl. 377, 380 (2003) (citing 5 U.S.C. § 706(2)(A) and 28 U.S.C. § 1491(b)(4)). When the protesting party moves for a preliminary injunction, the party generally "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *IgniteAction JV, LLC v. United States*, 174 Fed. Cl. 62, 68 (2024).[1] "[C]ase law and logic both require that a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citations omitted).

Performance of the bridge contract is expected to begin today, so in the interest of time, I write for the parties and dispense with a detailed discussion of the facts. Instead, I summarize several reasons why a preliminary injunction should not issue on the present record.

First, Plaintiff did not support its motion with evidence. Ordinarily, a preliminary injunction requires evidentiary support. *Bilfinger Berger AG Sede Secondaria Italiana v. United States*, 94 Fed. Cl. 389, 392 (2010) ("When injunctive relief is warranted, it will only be issued upon a showing by a preponderance of the admissible evidence.") (quoting *Textron, Inc. v. United* States, 74 Fed. Cl. 277, 287 (2006)); *Marathon Targets, Inc. v. United States*, 175 Fed. Cl. 725, 734 (2025). That means factual contentions should be supported by sworn declarations. *See Keeton Corr., Inc. v. United States*, 59 Fed. Cl. 753, 756 (2004); RCFC 7(b)(1).

Plaintiff and the government both submitted documents without authenticating declarations. No party objects, so I take all such documents at face

---

[1] At least one of this Court's decisions reasons that when a bid protest challenges an agency's CICA stay override, the Court should not consider *likelihood* of success on the merits, but go straight to whether the override was arbitrary and capricious. *See AT & T Corp. v. United States*, 133 Fed. Cl. 550, 555, 557–58 (2017). Another suggests that such protests seek declaratory relief and should not be evaluated using the preliminary injunction factors at all. *See Chapman Law Firm Co. v. United States*, 65 Fed. Cl. 422, 424 (2005). The parties do not consider the different lines of this Court's authority. *See also Safeguard Base Operations, LLC v. United States*, 140 Fed. Cl. 670, 685 (2018). Because the alternative tests imply a higher burden on the party seeking a stay, I need not decide whether they offer the correct standard.

value. But the only other facts Plaintiff originally presented are the allegations in its complaint, which are not entitled to a presumption of truth for purposes of a preliminary injunction motion. *Associated Energy Grp., LLC v. United States*, 172 Fed. Cl. 799, 813 (2024) ("[T]he moving party[] neither benefits from the presumption its factual allegations are true, nor an adoption of inferences drawn in its favor.").

Plaintiff's reply includes two declarations. *See* Marshall Decl. (ECF 30-1); Gubler Decl. (ECF 30-2). The subject matter of the declarations goes to Plaintiff's likelihood of success on the merits and the risk of irreparable harm. Most of their substance addresses the Army's CICA stay override decision, not anything raised for the first time in the opposition briefs. The declarations could have — and should have — been submitted with Plaintiff's opening brief, so I need not consider the late-submitted materials. *Bauer v. United States*, 176 Fed. Cl. 240, 248 (2025) (citing *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 550 (2011), *aff'd*, 485 F. App'x 435 (Fed. Cir. 2012)).

Second, Plaintiff has not established that it has standing as a prerequisite to injunctive relief. Only an "interested party" can pursue a bid protest in this Court. 28 U.S.C. § 1491(b)(1). An interested party is generally "an actual or prospective bidder or offeror whose direct economic interest would be affected by the award of the contract or by failure to award the contract[.]" *Percipient.AI, Inc. v. United States*, 153 F.4th 1226, 1243 (Fed. Cir. 2025).[2] If Plaintiff does not have standing, it cannot receive a preliminary injunction, and its claim must ultimately be dismissed.

The government has submitted evidence that neither Plaintiff nor the joint venture it participated in for a previous contract could have received the bridge contract because neither entity was a qualified vendor under the small-business program the Army chose to employ, namely, an SBIR Phase III contract. *See* U.S. Opp. at 9 (citing U.S. App'x at Appx10 (ECF 28-1)); *see also* Appx27–28. I assume that a potential bidder can challenge a sole-source contract award, *see* Reply at 3, but the government's evidence seems to show Plaintiff could not have received the bridge contract even if the Agency had solicited competitive offers. If Plaintiff could not have received the contract in a hypothetical competitive procurement, it cannot have

---

[2] Plaintiff may be arguing that its GAO protest automatically confers standing to challenge the CICA stay override. *See* Reply at 3. But that is difficult to square with the ordinary rule that this Court cannot hear protests from parties that lack a practical economic interest in the outcome. *Percipient.AI, Inc.*, 153 F.4th at 1243; *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1358–59 (Fed. Cir. 2009); *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006). More likely, the test for standing is the same in CICA stay protests as in other bid protests. *See Kropp Holdings, Inc. v. United States*, 63 Fed. Cl. 537, 550 (2005).

standing to challenge the sole-source award. *See Associated Energy Grp., LLC v. United States*, 131 F.4th 1312, 1320 (Fed. Cir. 2025)

Plaintiff implicitly concedes that the Army's analysis was correct in that narrow regard. *See* Reply at 4. Plaintiff objected in its complaint to the Army's use of the SBIR Phase III contract, *see* Compl. ¶ 21, and now refers to an "illegal sole-source procurement," *see* Reply at 4, but fails to build out an argument explaining what the problem may have been. Instead, Plaintiff mainly claims that the Army could theoretically have chosen some other procurement framework under which Plaintiff would have been qualified. The SBIR Phase III contract, Plaintiff repeatedly insists, "was not the only option available[.]" Reply at 4–5.

Even if that is true, it would not confer standing on Plaintiff. The question is not whether the Army chose its *only* option or its *best* option, but whether the option it actually chose was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Banknote Corp.*, 56 Fed. Cl. at 380. Nor is it enough that Plaintiff could hypothetically have offered the requested services. *Percipient.AI, Inc.*, 153 F.4th at 1239. The Army in fact considered and rejected the alternatives Plaintiff suggests. Appx27–28. That leaves Plaintiff stuck with its burden to establish standing as an interested party under the framework the Army selected. Appx28.

Plaintiff thinks the Army's reasoning was short-sighted and unwise, Reply at 4–5, but its argument is too vague to demonstrate the kind of unmistakably irrational or unsupported decision that this Court can reverse. Plaintiff's failure to submit any evidence that it was qualified to bid for the bridge contract under SBIR Phase III eliminates its economic interest, and therefore its standing. *Air Borealis Ltd. P'ship v. United States*, 167 Fed. Cl. 370, 381 (2023) (citing *Velocity Training, LLC v. United States*, 161 Fed. Cl. 201, 206 (2022)). Although I will not dismiss the case on the present record, Plaintiff is not entitled to a preliminary injunction without a better basis for standing.

Third, Plaintiff has not established that the Army erred by overriding the CICA stay. This Court has typically expected agencies to consider four factors in considering whether to override a CICA stay:

> (i) whether significant adverse consequences will necessarily occur if the stay is not overridden; (ii) conversely, whether reasonable alternatives to the override exist that would adequately address the circumstances presented; (iii) how the potential cost of proceeding with the override, including the costs associated with the potential that the GAO might sustain the protest, compare to the benefits associated with the approach being considered for addressing the agency's needs; and (iv)

the impact of the override on competition and the integrity of the procurement system, as reflected in CICA.

*Supreme Foodservice GmbH v. United States*, 109 Fed. Cl. 369, 384 (2013) (quoting *Reilly's Wholesale Produce v. United States,* 73 Fed. Cl. 705, 711 (2006)) (alterations omitted). Agencies should not consider other factors, including "(i) that the new contract would be better than the old one; or (ii) the override and continuation of the contract is otherwise simply preferable to the agency[.]" *Id.* (quoting *Reilly's Wholesale*, 73 Fed. Cl. at 711) (alteration omitted). The Army's override decision largely follows the list of required factors, which I assume are the relevant ones. The Army's decision is, again, reviewed under a deferential standard, and must be upheld unless "arbitrary, capricious, or otherwise not in accordance with law." *Banknote Corp.*, 56 Fed. Cl. at 380; *Gemini Tech Servs., LLC v. United States*, No. 25-1337C, 2025 WL 2674585, at *3 (Fed. Cl. Sept. 8, 2025).

Plaintiff's motion contained a single paragraph of argument focusing on a theory that does not appear at all in the reply brief. Pl.'s Mot. at 2. (More on that later.) Plaintiff's reply instead claims that the Army's override decision:

> does not quantify imminent harm during the 65–100 day GAO timeframe; it does not explain why alternatives, like extending the incumbent contract, were infeasible; it includes no balancing of costs if the protest is sustained; and it ignores the effect on the integrity of an already-contested procurement by allowing performance to proceed during GAO review.

Reply at 6–7. That argument was not included in Plaintiff's preliminary injunction motion, and only vaguely in the complaint. The government and Chitra have not had an adequate opportunity to respond. I am leery of granting the extraordinary remedy of preliminary injunctive relief based on theories detailed for the first time on reply.

In any event, the override decision largely addresses the considerations Plaintiff says are missing. Appx26–29. Among other reasons, the Army determined that an award to Threat Tec's joint venture would not serve the government's needs because "discord between the JV partners," which had already led to litigation in this Court and elsewhere, created "undue risk to the Government." Appx28; *see also* Compl. at ¶¶ 8–9. The Army's reasoning is not facially irrational, and Plaintiff's complaint and briefing come to grips with very little of it.

Instead, Plaintiff's reply identifies particular issues that the Army could have addressed in more detail, and it argues with the prudence of the Army's contracting strategy. Reply at 7–8. Many of Plaintiff's points rely on untimely declarations, which I decline to consider. More fundamentally, it is hard to see — especially in

abbreviated briefing on a limited record — why Plaintiff's arguments go to the underlying rationality of the Army's decision. Because the arguments, as I read them, primarily dispute the Army's judgment, they are insufficient to overturn the override decision. *See Air Borealis Ltd. P'ship*, 167 Fed. Cl. at 384 (citing *Savantage Fin. Servs., Inc. v. United States*, 158 Fed. Cl. 240, 252 (2022)).

Some of Plaintiff's concerns may not even be relevant to the CICA stay override at all. Assume, for example, Plaintiff is right that the Army mishandled its plans for contract continuity. *See* Reply at 7–8. The Army was still presumably obligated to consider a CICA stay override based on the *present* facts, not the facts of an alternative reality that may have existed if it had made different decisions months earlier. Even if Plaintiff is right that an alternative reality might have been better for all concerned, I cannot substitute my judgment for the Army's. *Supreme Foodservice*, 109 Fed Cl. at 382 (citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)).

Yet another consideration is this Court's obligation to adjudicate bid protests with "due regard to the interests of national defense and national security[.]" *See* 28 U.S.C. § 1491(b)(3). Without more evidence and explanation of why the Army erred, I have no basis to issue an injunction.

Fourth, Plaintiff's specific legal objections to the CICA override are not adequately supported. Some of those arguments go to the merits of Plaintiff's GAO protest. Plaintiff briefly alleges that the award to Chitra violated competition requirements, *see* Compl. ¶ 13, but Plaintiff provides no argument why, and omits the argument from its preliminary injunction motion. It appears only in passing in the reply. Reply at 9. The issue is therefore forfeited for purposes of preliminary relief. *Cf. McIntosh v. Dep't of Def.*, 53 F.4th 630, 641 (Fed. Cir. 2022).

Plaintiff claims that issuance of the bridge contract violates a voluntary stay the Army agreed to in another bid protest pending in this Court. Reply at 1. Plaintiff provides no evidence of such a voluntary stay. Even if its assertion is true, it is better raised in the pending case, not in a new complaint challenging the CICA stay override.

Plaintiff's complaint and motion paid more attention to an argument under the Procurement Integrity Act ("PIA"), 41 U.S.C. § 2101 *et seq*. In a nutshell, a joint venture that included Plaintiff was the incumbent on a previous contract covering the same subject matter as the bridge contract. Pl.'s Mot. at 2. When the bridge contract issued, Plaintiff discovered that one of its former employees was working for Chitra. Plaintiff drew those facts to the Army's attention, claiming that the employee would give Chitra the benefit of information that the PIA protects from disclosure.

*Id.* Plaintiff claimed in the GAO, and again here, that the Army was obligated under FAR 3.104-7 to investigate a potential PIA violation before proceeding with the award to Chitra. *Id.* at 4.

The government and Chitra responded to Plaintiff's PIA argument in detail, but the issue is strangely absent from Plaintiff's reply. I do not consider the issue abandoned, strictly speaking, but if Plaintiff does not take it seriously enough to defend it, it cannot be a strong reason for preliminary injunctive relief.

Assuming the issue is still presented for my consideration, Plaintiff gives very little attention to what the PIA means. Some of this Court's decisions say that the PIA only applies to misconduct by *government* employees, not employees of contractors. *See, e.g.*, *Mitchco Int'l, Inc. v. United States*, 151 Fed. Cl. 537, 548–49 (2020), *aff'd on other grounds*, 26 F.4th 1373 (Fed. Cir. 2022); *GEO Grp., Inc. v. United States*, 100 Fed. Cl. 223, 227 (2011). Other authorities disagree. *United States v. Kuciapinski*, 434 F. Supp. 3d 939, 944 (D. Colo. 2020). Plaintiff does not address the standard one way or another. But because Plaintiff has the burden of showing likelihood of success on the merits, it cannot rely on conclusory assumptions about the legal standards it depends on.

Nor does Plaintiff directly address other important questions. Did the employee in question join Chitra before or after the sole-source award? *See Omega World Travel, Inc. v. United States*, 82 Fed. Cl. 452, 468 (2008). Was any information the employee had from the previous contract substantially the same as information relevant to the bridge contract? *See United States v. Schuster*, No. 24-2942, 2026 WL 100043, at *4 (3d Cir. Jan. 14, 2026). When does the PIA apply to information about a prior incumbent contract? *See Mitchco Int'l*, 26 F.4th at 1383. When does the PIA apply to sole-source awards, as opposed to situations where fair competition between offerors is essential? *See* U.S. Opp. at 16; Chitra Opp. at 6. What kind of mental state, if any, is required for a PIA violation? *See Jacobs Tech. Inc. v. United States*, 100 Fed. Cl. 198, 214 (2011). Chitra, for its part, provides a declaration asserting that its relationship with the employee in question could not have implicated any PIA concerns because the employee did not have a role in obtaining the bridge contract. Chitra Opp. at 6 n.1. Is that true, and if so, does it moot the Army's obligation to investigate? *See Mitchco Int'l*, 26 F.4th at 1383 n.6. Plaintiff might have good answers to all those questions, but unless Plaintiff makes its own effort to resolve them, I cannot find that Plaintiff is likely to succeed.

Because Plaintiff is not likely to succeed, I need not address the remaining preliminary injunction factors. I express no opinion on the ultimate merits of Plaintiff's GAO protest, and I do not reach the government's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Motion for a Preliminary Injunction (ECF 14) is **DENIED**. Earlier versions of the motion (ECF 6; ECF 9) are **DENIED AS MOOT**. The government's motion to dismiss is **DENIED WITHOUT PREJUDICE**. The parties are **ORDERED** to confer and submit a joint status report proposing further proceedings in the case no later than **February 17, 2026**.

Pursuant to the Court's February 4, 2026, Protective Order (ECF 16), this Opinion has been issued under seal. The parties shall have two weeks to propose redactions and, accordingly, shall file notice of their proposed redactions no later than **February 23, 2026**. To aid the Court's evaluation of the proposed redactions and in light of the "presumption of public access to judicial records," *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008) (per curiam), each party shall file a memorandum explaining why redactions are necessary for each item of information for which a redaction is proposed.

 

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge